UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BRENEE DARDEN and, <br> MELVIN HARRISON, <br>     Plaintiffs <br><br> v. <br><br> BARBERINO BROTHERS, INC. D/B/A <br> BARBERINO NISSAN and <br> CREDIT ACCEPTANCE <br> CORPORATION <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br><br><br><br><br><br><br><br><br><br> JUNE 3, 2019 |

## APPLICATION TO COMPEL ARBITRATION

1.      This is an action brought by two consumers against an automobile dealership and lender to compel arbitration pursuant to 9 U.S.C. § 4.

2.      Plaintiffs have asserted claims against the defendants for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* and the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1690 *et seq.,* and pendent state law claims for violations of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 *et seq.,* in connection with Plaintiffs' purchase and financing of a motor vehicle for personal, family, and household purposes.

3.      Plaintiffs entered into an agreement to arbitrate claims with the defendants, and the defendants have failed, neglected, and refused to arbitrate.

4.      Plaintiff, Brenee Darden, is a consumer residing in Hamden, Connecticut.

5.      Plaintiff, Melvin Harrison, is a consumer residing in Hamden, Connecticut.

6.      Defendant, Barberino Brothers, Inc. d/b/a Barberino Nissan ("Barberino"), is a Connecticut corporation and is licensed to operate an automobile dealership in Wallingford, Connecticut.

7.      Defendant, Credit Acceptance Corporation ("Credit Acceptance"), is a Michigan corporation with a principal office in Southfield, Michigan.

8.      This Court has jurisdiction over this action pursuant to 15 USC § 1331 and 9 USC § 4.

9.      This Court has jurisdiction over Barberino because it is located in Connecticut and is organized under Connecticut law.

10.      This Court has jurisdiction over Credit Acceptance because it regularly conducts business in this State.

11.      Venue in this Court is proper because all of the parties are located in this state and the transaction occurred in this state.

12.      On or about June 27, 2018, Plaintiffs purchased a 2017 Hyundai Veloster from Barberino pursuant to a Retail Installment Contract (the "Contract") that was assigned to Credit Acceptance.  See Exhibit A.

13.      The Contract contains an arbitration clause that provides, in part:

> Either You or We may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes or counterclaims brought later in the lawsuit. If You or We elect to arbitrate a Dispute, this Arbitration Clause applies. A Dispute shall be fully resolved by binding arbitration.

14.     One of the arbitration providers that the Contract specified could be elected by Plaintiffs was the American Arbitration Association ("AAA").

15.     The Contract further provided that the defendants would pay the plaintiffs arbitration costs and fees up to a maximum of $5,000.

16.     As a practical matter, that provision requires the defendants to pay the entire cost of the arbitration, because the Consumer Due Process Protocols of the AAA limit the consumers' cost of arbitration to $200.

17.     On May 16, 2019, Plaintiffs filed a demand for arbitration with the AAA against Barberino and Credit Acceptance.

18.     The demand for arbitration included claims against Barberino under TILA and claims against both defendants under ECOA.

19.     On May 29, 2019, the AAA issued a letter stating that it declined to administer the claim because, prior to the filing of the arbitration, Barberino had failed to comply with the AAA's policies or failed to pay fees owed to AAA. See Exhibit B.

20.     The defendants have neglected and refused to perform the agreement to arbitrate, although the Plaintiffs are ready and willing to arbitrate.

Wherefore, Plaintiffs seek an order from this court pursuant to 9 U.S.C. § 4 compelling defendants to arbitrate this matter with the American Dispute Resolution Center or another arbitrator or entity to be selected by the Court to be conducted in accordance with the applicable rules, including the Consumer Due Process Protocols, of the American Arbitration Association.  Plaintiffs also seek an order compelling the defendants to pay the costs associated with the arbitration.

PLAINTIFFS, BRENEE DARDEN AND MELVIN HARRISON,

By:

Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax (860) 571-7457